Timothy Carl Aires, Esq. (138169)
AIRES LAW FIRM
6 Hughes, Suite 205
Irvine, California 92618
(949) 718-2020
(949) 718-2021 FAX

Attorneys for Plaintiff,
CHRISS W. STREET

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, ORANGE COUNTY DIVISION

| | |
|---|---|
| In re:<br><br>PHILLIP BARRY GREER,<br><br>Debtor.<br><br>_____<br><br>CHRISS W. STREET,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE OF THE ESTATE OF PHILLIP BARRY GREER; PHILLIP BARRY GREER; ARLENE C. GREER aka ARLENE C. BIDEN,<br><br>Defendants.<br>_____ | Case No. 8:18-bk-10203-MW<br><br>Chapter 7<br><br>Adv. Proc. No. 8:18-ap-01075-MW<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE MARK S. WALLACE<br><br>FIRST AMENDED COMPLAINT FOR: (1) DETERMINATION OF NON-DISCHARGEABILITY OF DEBT; (2) DETERMINATION OF NON-DISCHARGEABILITY OF DEBT; (3) DETERMINATION OF NON-DISCHARGEABILITY OF DEBT; (4) DECLARATORY RELIEF RE: DETERMINATION OF VALIDITY, PRIORITY OR EXTENT OF INTEREST IN REAL AND PERSONAL PROPERTY<br><br>[11 U.S.C. §523(a)(2), (4), (6); F.R.B.P., R. 7001] |

Plaintiff Chriss W. Street, by and through his counsel of record, hereby alleges, upon information and belief, against Defendants Richard A. Marshack, Chapter 7 Trustee of the Estate of Phillip Barry Greer, Phillip Barry Greer, and Arlene C. Greer aka Arlene C. Biden, as follows:

## PRELIMINARY ALLEGATIONS

1. That this Court has jurisdiction to hear this complaint pursuant to 28 U.S.C. §1134(b) and 11 U.S.C. §523. This is a core proceeding under 28 U.S.C. §157(b)(2)(I).

2. That Defendant Richard A. Marshack is the Chapter 7 Trustee of the Estate of Phillip Barry Greer.

3. That the debtor herein, Defendant Phillip Barry Greer ("Debtor"), commenced this bankruptcy case on January 22, 2018.

4. That Defendant Arlene C. Greer aka Arlene C. Biden is now, and at all times relevant hereto was, the spouse of the Debtor.

5. That on October 3, 2011, Plaintiff filed a complaint against Debtor, commencing that certain civil action, Orange County Superior Court Case No. 30-2011-00512573, entitled, Street v. Greer (the "State Court Action").

6. That Plaintiff realleges and incorporates herein by reference each and every allegation contained in the operative complaint in the State Court Action as though fully set forth at length and made a part hereof.

7. That on May 30, 2017, judgment on jury verdict was entered in the State Court Action following a trial on the merits, a true and correct copy of which is Exhibit "A", in favor of Plaintiff and against Debtor on the complaint (the "State Court Judgment").

8. The State Court Judgment includes findings of fact on the issues of intentional misrepresentation and fraud.

9. That Plaintiff realleges and incorporates herein by reference each and every allegation contained in the State Court Judgment as though fully set forth at length and made a part hereof.

## FIRST CLAIM FOR RELIEF

[Determination Of Non-Dischargeability Of Debt Under 11 U.S.C. §523(a)(2)

Against Defendant Phillip Barry Greer]

10. Plaintiff hereby incorporates by reference paragraphs 1 through 9, inclusive, of this Complaint as if set forth in full in this paragraph.

11. That on May 30, 2018, the State Court Judgment was entered.

12. That Debtor did the acts and omissions alleged in the operative complaint in the State Court Action and as found by the jury in the State Court Judgment.

13. That Debtor is barred under the doctrines of res judicata and collateral estoppel from contesting the non-dischargeability of the debt evidenced by the State Court Judgment.

14. That Debtor is seeking to discharge the debt evidenced by the Judgment under 11 U.S.C. §727.

15. That the debt as evidenced by the State Court Judgment described herein is non-dischargeable under 11 U.S.C. §523(a)(2).

## SECOND CLAIM FOR RELIEF

[Determination Of Non-Dischargeability Of Debt Under 11 U.S.C. §523(a)(4)

Against Defendant Phillip Barry Greer]

16. Plaintiff hereby incorporates by reference paragraphs 1 through 15, inclusive, of this Complaint as if set forth in full in this paragraph.

17. That on May 30, 2018, the State Court Judgment was entered.

18. That Debtor did the acts and omissions alleged in the operative complaint in the State Court Action and as found by the jury in the State Court Judgment.

19. That Debtor is barred under the doctrines of res judicata and collateral estoppel from contesting the non-dischargeability of the debt evidenced by the State Court Judgment.

20. That Debtor is seeking to discharge the debt evidenced by the Judgment under 11 U.S.C. §727.

21. That the debt as evidenced by the State Court Judgment described herein is non-dischargeable under 11 U.S.C. §523(a)(4).

## THIRD CLAIM FOR RELIEF

[Non-Dischargeability Under 11 U.S.C. §523(a)(6)

Against Defendant Phillip Barry Greer]

22. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21, inclusive, as though fully set forth at length and made a part hereof.

23. That the acts and omissions alleged in the operative complaint in the State Court Action and as found by the jury in the State Court Judgment constitute one or more wrongful acts.

24. That the acts and omissions alleged in the operative complaint in the State Court Action and as found by the jury in the State Court Judgment were done intentionally.

25. That the acts and omissions alleged in the operative complaint in the State Court Action and as found by the jury in the State Court Judgment necessarily caused injury to Plaintiff.

26. That the acts and omissions alleged in the operative complaint in the State Court Action and as found by the jury in the State Court Judgment were done without just cause or excuse in that the express and specific purpose of the acts and omissions alleged in the operative complaint in the State Court Action and as found by the jury in the State Court Judgment were to injure Plaintiff. Debtor's wrongful and malicious conduct has caused Plaintiff to incur economic damages in a sum to be determined by the trier of fact, but believed to be, as of May 30, 2018, in excess of $10,000,000.00, in the form of the money or property, and loss of its use, as well as the attorney's fees, court costs, and other expenses of litigation reasonably and necessarily incurred to attempt to avoid or otherwise combat the conversion.

27. That Debtor is barred under the doctrines of res judicata and collateral estoppel from contesting the non-dischargeability of the debt evidenced by the State Court Judgment.

28. That Debtor is seeking to discharge the debt evidenced by the Judgment under 11 U.S.C. §727.

29. That the debt evidenced by the State Court Judgment is non-dischargeable under 11 U.S.C. §523(a)(6).

///

///

3    FIRST AMENDED COMPLAINT

## FOURTH CLAIM FOR RELIEF

(Declaratory Relief Re: Determination of Validity, Priority or Extent of

Interest in Real And Personal Property Against All Defendants)

30.  Plaintiff hereby incorporates by reference paragraphs 1 through 29, inclusive, of this Complaint as if set forth in full in this paragraph.

31.  Plaintiff is informed and believes and thereon alleges that Debtor, as owner, has an interest in the real property, and improvements thereon, standing in the name of Defendant Arlene C. Greer aka Arlene C. Biden, as owner, located at 19 Bridgeport Rd, Newport Beach, CA 92657 with the legal description set forth on Exhibit "B" (the "Real Property"), which is subject to a judgment lien in favor of Plaintiff by virtue of the recordation of an abstract of the State Court Judgment as Document No. 2017000337882 in the Official Records of the Orange County Recorder (the "Judgment Lien").

32.  Plaintiff is informed and believes and thereon alleges that Debtor's community property income was used to pay down the principal on a debt secured by the Real Property that was claimed by his spouse to be the separate property of that spouse. Plaintiff is informed and believes and thereon alleges that, as a result, the marital community obtained an interest in the Real Property to the extent of the community property contributions plus a proportionate share in any appreciation. Plaintiff is informed and believes and thereon alleges that under California law, community property is subject to enforcement of a money judgment pursuant to Code of Civil Procedure §695.020 and, therefore, the Judgment Lien encumbers the Real Property.

33.  Based on the foregoing, Plaintiff is informed and believes and thereon alleges that Defendants contend that the Judgment Lien does not affect title to the Real Property or, in the context of a consensual transaction for the transfer of title to the Real Property, or an

interest therein, can be removed by means other than satisfaction as provided under Code of Civil Procedure §697.400 or can released or subordinated as provided under Code of Civil Procedure §697.370, whereas Plaintiff contends that the Judgment Lien does affect title to the Real Property, and, in the context of a consensual transaction, cannot be removed by means other than satisfaction as provided under Code of Civil Procedure §697.400, or released or subordinated except as provided under Code of Civil Procedure §697.370.

34.    Based on the foregoing, Plaintiff is entitled to a judgment, order and decree adjudicating that the Judgment Lien does affect title to the Real Property, and, in the context of a consensual transaction, cannot be removed by means other than satisfaction as provided under Code of Civil Procedure §697.400, or released or subordinated except as provided under Code of Civil Procedure §697.370; that the whole of the Real Property is available to satisfy the Judgment; and that Plaintiff is free to levy execution on the Judgment or otherwise enforce the Judgment Lien against the Real Property with the proceeds therefrom to be applied in satisfaction of the Judgment.

35.    Plaintiff is informed and believes and thereon alleges that Debtor, as owner, has an interest in tangible and intangible personal property, including works of art, standing in the name of, or the possession or under the control of, Defendant Arlene C. Greer aka Arlene C. Biden (the "Personal Property"), which is subject to a judgment lien in favor of Plaintiff by virtue of the service of a Code of Civil Procedure §708.110 examination order (the "ORAP Lien").

36.    Based on the foregoing, Plaintiff is entitled to a judgment, order and decree adjudicating that the ORAP Lien does affect title to the Personal Property, and, in the context of a consensual transaction, cannot be removed by means other than satisfaction as provided under Code of Civil Procedure §697.400, or released or subordinated except as provided under Code of Civil Procedure §697.370; that the whole of the Personal Property is available

to satisfy the Judgment; and that Plaintiff is free to levy execution on the Judgment or otherwise enforce the ORAP Lien against the Personal Property with the proceeds therefrom to be applied in satisfaction of the Judgment.

WHEREFORE, Plaintiff prays for relief as follows:

A.   That the debt as alleged in this complaint and/or as evidenced by the State Court Judgment as entered in the State Court Action be adjudged and decreed non-dischargeable pursuant to 11 U.S.C. §§523(a)(2), (4) and/or (6);

B.   For a judgment, order and decree adjudicating that the Judgment Lien does affect title to the Real Property and adjudicating that the ORAP Lien does affect title to the Personal Property;

C.   That Plaintiff be allowed reasonable costs; and

D.   For such other and further relief as the Court may deem appropriate and proper.

DATED: May 30, 2018                           AIRES LAW FIRM

                                              By: _____
                                              Timothy Carl Aires, Esq.
                                              Attorney for Plaintiff,
                                              CHRISS W. STREET

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
05/23/2017 at 10:10:48 AM
Clerk of the Superior Court
By Enrique Velez, Deputy Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 30 2017

DAVID H. YAMASAKI, Clerk of the Court

BY: _____, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| CHRISS W. STREET, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>PHILLIP B. GREER, an individual, and THE LAW OFFICES OF PHILLIP B. GREER, a Professional Corporation,<br><br>Defendants. | Case No. 30-2011-00512573-CU-BT-CJC<br><br>HON. RICHARD W. LUESEBRINK<br>DEPARTMENT C-62<br><br>PLAINTIFF'S [PROPOSED]<br>JUDGMENT ON JURY VERDICT |

This action was first bifurcated as to the statute of limitations affirmative defense asserted by Defendant Phillip B. Greer, and came on regularly for trial on December 13, 2016 in Department C-15 of the Orange County Superior Court, the Honorable Peter Wilson Presiding. Plaintiff, Chriss W. Street, appeared by attorneys Russel D. Myrick, Esq. and Casey E. Mitchnick, Esq. Defendants Phillip B. Greer and the Law Offices of Phillip B. Greer appeared by attorney Steven R. Young, Esq. The Court found that Defendant Phillip B. Greer failed to establish his statute of limitations defense to any of the claims asserted against him. As to Defendant the Law Offices of Phillip B. Greer, APC, defendant established its statute of limitations defense, and is entitled to judgment in its favor on all claims asserted against it in this litigation and subject to potential modification based on the Court's ruling on either party's post-

1
PLAINTIFF'S [PROPOSED] JUGEMENT ON JURY VERDICT

EXHIBIT A

trial motions.

The second phase of this action came on regularly for trial on May 4, 2017 in Department C-62 of the Orange County Superior Court, the Honorable Richard W. Luesebrink Presiding. Plaintiff, Chriss W. Street, appeared by attorneys Russel D. Myrick, Esq. and Casey E. Mitchnick, Esq. Defendant Phillip B. Greer appeared by Attorney Steven R. Young, Esq.

A jury of 12 persons and one alternate was regularly empaneled and sworn. Witnesses were sworn and testified. After hearing the evidence and arguments of counsel, the Jury was duly instructed by the Court and the cause was submitted with directions to return a verdict on special issues. The jury deliberated and thereafter returned into Court with its verdict as follows:

We the Jury in the above referenced case, answer the questions presented to us as follows:

**PROFESSIONAL NEGLIGENCE**

1. Was Mr. Greer negligent in representing Mr. Street in the *Harrow vs. Street*?

    Yes ___X___ No _____

If you answered this question "yes," answer the next question. If you answered "no," go to question no. 6.

2. Did Mr. Street prove by a preponderance of the evidence that but for Mr. Greer's negligence, Mr. Street would have obtained a different result?

    Yes ___X___ No _____

If you answered this question "yes," answer the next question. If you answered "no," go to question no. 6.

3. Was Mr. Greer's negligence a substantial factor in causing Mr. Street's harm?

    Yes ___X___ No _____

If you answered this question "yes," answer the next question. If you answered "no," go to question no. 6.

4. State the total amount of damages that Mr. Greer's negligence caused to

    Mr. Street:        $7,583,589.70

If you answered this question with a number greater than "zero," answer the next question. If you

2
PLAINTIFF'S [PROPOSED] JUGEMENT ON JURY VERDICT

EXHIBIT A

answered "zero," go to question no. 6.

5. For each of the following, state the percentage responsibility for causing Mr. Street's damages listed in answer to question no. 4:

| | |
|---|---|
| Chriss Street | 0% |
| Phillip Greer | 100% |
| | TOTAL 100% |

Answer the nest question.

**INTENTIONAL MISREPRESENTATION AND FRAUD**

6. Did Mr. Greer represent to Mr. Street that Mr. Greer, "had not stipulated to any facts before trial?"

Yes __X__ No _____

If you answered this question "yes," answer the next question. If you answered "no," answer no further questions, have the foreperson sign this form and return it to the courtroom assistant.

7. Was the representation false?

Yes __X__ No _____

If you answered this question "yes," answer the next question. If you answered "no," answer no further questions, have the foreperson sign this form and return it to the courtroom assistant.

8. Did Mr. Greer's know that the representation was false when he made it?

Yes __X__ No _____

If you answered this question "yes," answer the next question. If you answered "no," answer no further questions, have the foreperson sign this form and return it to the courtroom assistant.

9. Did Mr. Greer make the representation with the intent to defraud Mr. Street?

Yes __X__ No _____

If you answered this question "yes," answer the next question. If you answered "no," answer no further questions, have the foreperson sign this form and return it to the courtroom assistant.

10. At the time Mr. Greer made the representation, was Mr. Street aware of the falsity of the representation?

Yes _____ No __X__

EXHIBIT A

If you answered this question "no," answer the next question. If you answered "yes," answer no further questions, have the foreperson sign this form and return it to the courtroom assistant.

    11.      Did Mr. Street act in reliance upon the truth of Mr. Greer's representation?

         Yes \_\_\_\_X\_\_\_\_ No _____

If you answered this question "yes," answer the next question. If you answered "no," answer no further questions, have the foreperson sign this form and return it to the courtroom assistant.

    12.      Was Mr. Street justified in relying upon Mr. Greer's representation?

         Yes \_\_\_\_X\_\_\_\_ No _____

If you answered this question "yes," answer the next question. If you answered "no," answer no further questions, have the foreperson sign this form and return it to the courtroom assistant.

    13.      Was Mr. Greer's misrepresentation a substantial factor in causing damages to Mr. Street?

         Yes \_\_\_\_X\_\_\_\_ No _____

If you answered this question "yes," answer the next question. If you answered "no," answer no further questions, have the foreperson sign this form and return it to the courtroom assistant.

    14.      State the total amount of damages that Mr. Greer's representation caused Mr. Street:     $2,416,410.30

Have the Presiding Juror sign this form and return it to the court attendant.

DATED: May 11, 2017

                         By:  /s/ Harris Alan Ruderman
                                 By Presiding Juror

///
///
///
///
///
///
///

4
PLAINTIFF'S [PROPOSED] JUGEMENT ON JURY VERDICT

EXHIBIT A

It appearing by reason of said verdict that Plaintiff Chriss W. Street is entitled to judgment against Defendant Phillip B. Greer;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that Plaintiff Chriss W. Street shall have and recover from Defendant Phillip B. Greer the sum of Ten Million Dollars ($10,000,000.00 USD), and subject to potential modification based on the Court's ruling on either party's post-trial motions.

DATED: May 30, 2017

By: /s/ Richard W. Luesebrink
RICHARD W. LUESEBRINK
Judge of the Superior Court

EXHIBIT A

5
PLAINTIFF'S [PROPOSED] JUGEMENT ON JURY VERDICT

# LEGAL DESCRIPTION

Order No. 39009708 - A

### EXHIBIT "ONE"

Lot 14, Tract 14712, City of Newport Beach, as shown on a map recorded in Book 699, Page 45-48 inclusive, of Miscellaneous Maps,
records of Orange County, California, and as corrected by that certain of Certificate of Correction recorded May 19, 1994 as Instrument No. 94-934511 0 of Official Records.

EXCEPT THEREFROM all oil, gas, minerals and other hydrocarbons, below a depth of 500 feet, without the right of surface entry, as reserved in instruments of record.

ALSO EXCEPT THEREFROM all water and subsurface water rights, without the right of surface entry, below a depth of 500 feet, as dedicated or reserved in instruments of record.

PARCEL 2:

Easements as set forth in the Sections Entitled "Easements for Owners", "Support, Settlement and Encroachment" and "Utilities and Cable Television" of the Article Entitled "Easements and other rights over the covered property" of the Declaration of Covenants, Conditions and Restrictions recorded July 1, 1993 AS Instrument No. 93-0440672 and re-recorded August 24, 1993 as Instrument No. 93-0570031, both of Official Records of Orange County, California (collectively the "Declaration"), as imposed by that certain Supplemental Declaration of Covenants, Conditions and Restrictions recorded February 4, 1994 as Instrument No. 94-0084375 of Official Records of Orange County, California (The "Supplemental Declaration").

PARCEL 3:

Easements as set forth in the Sections Entitled "Easements for Owners", "Support, Settlement and Encroachment" and "Utilities and Cable Television" of the Article Entitled "Easements and other rights over the covered property" of the Declaration of Covenants, Conditions and Restrictions for Newport Ridge Community Association ("Master Declaration") recorded May 5, 1993 as Instrument No. 93-0301553 of Official Records of Orange County, California, as imposed by the Supplemental Declaration of Covenants, Conditions and Restrictions for Newport Ridge Community Association recorded February 4, 1994 as Instrument No. 94-0084374 of said Official Records.

Assessor's Parcel No: 461-211-46

EXHIBIT B

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
6 HUGHES, SUITE 205, IRVINE, CA 92618

A true and correct copy of the foregoing document entitled (*specify*): FIRST AMENDED COMPLAINT FOR: (1) DETERMINATION OF NON-DISCHARGEABILITY OF DEBT; (2) DETERMINATION OF NON-DISCHARGEABILITY OF DEBT; (3) DETERMINATION OF NON-DISCHARGEABILITY OF DEBT; (4) DECLARATORY RELIEF RE: DETERMINATION OF VALIDITY, PRIORITY OR EXTENT OF INTEREST IN REAL AND PERSONAL PROPERTY will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __05/30/2018__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/30/2018 | TIMOTHY CARL AIRES | *signature* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

SERVICE LIST

RICHARD A. MARSHACK, CHAPTER 7 TRUSTEE
OF THE ESTATE OF PHILLIP BARRY GREER
870 ROOSEVELT
IRVINE, CA 92620

RYAN D. O'DEA, ESQ.
SHULMAN HODGES & BASTIAN LLP
100 SPECTRUM CENTER DRIVE, STE 600
IRVINE, CA 9261

PHILLIP BARRY GREER
19 BRIDGEPORT RD
NEWPORT BEACH, CA 92657

ARLENE C. GREER
19 BRIDGEPORT RD
NEWPORT BEACH, CA 92657

ARLENE C. BIDEN
19 BRIDGEPORT RD
NEWPORT BEACH, CA 92657

CHAMBERS
HON. MARK S. WALLACE, JUDGE
411 W FOURTH ST, CTRM 6C
SANTA ANA, CA 92701